| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------- X<br>JACOB FETMAN,<br>                           Plaintiff,<br>          - against -<br>VICTOR LIPNITSKY and STOUT RISIUS<br>ROSS, INC.<br>                           Defendants.<br>---------------------------------------------------------- X | C/M<br><br>**MEMORANDUM DECISION &<br>ORDER**<br><br>15 Civ. 5543 (BMC)(LB) |

**COGAN,** District Judge.

By Order dated September 23, 2015, the United States District Court for the Southern District of New York transferred the instant *pro se* action to this Court. Plaintiff asserts that federal subject matter jurisdiction is predicated upon diversity and federal question jurisdiction.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff's complaint alleges defendant Lipnitsky, on behalf of his employer, made false statements and committed perjury during the course of an arbitration hearing. The complaint offers no factual allegations against defendant Stout Risius Ross, Inc.[2] Plaintiff seeks unspecified compensatory and punitive damages.

---

[1] This is at least the fifth lawsuit that plaintiff has filed. See Fetman v. Markowitz, 15 Civ. 5541 (filed Sept. 24, 2015); Fetman v. Lipsett, 15 Civ. 5510 (filed Sept. 21, 2014); Fetman v. Aish Hatorah International, 15 Civ. 5322 (filed Sept. 11, 2015); Fetman v. Project Inspire, Inc., 15 Civ. 5320 (filed Sept. 11, 2015).

[2] Although never explicitly stated, it is possible that defendant Stout Risius Ross, Inc. is defendant Lipnitsky's employer.

The Court takes judicial notice of an opinion pursuant to Article 75 of the CPLR confirming an arbitration award against plaintiff.[3] See Aish Hatorah New York, Inc. v. Fetman, 998 N.Y.S.2d 305 (Sup. Ct. 2014), adhered to on reargument, 48 Misc. 3d 1207(A) (N.Y. Sup. Ct. 2015). According to the detailed Article 75 opinion, plaintiff appeared at a religious arbitration, known as *Beis Din*, that was conducted by a Rabbi between Aish, a New York non-profit corporation, and Jacob Fetman, who was Aish's chief financial officer for 17 years. Four arbitration sessions were conducted between October and December 2013. Following the arbitration, a $20 million dollar judgment was entered against plaintiff.

## DISCUSSION

**I. Lack of Subject Matter Jurisdiction**

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Arbaugh, 546 U.S. at 513, 126 S. Ct. at 1244. A plaintiff properly

---

[3] "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting International Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

2

invokes § 1332 when he presents a claim "between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Plaintiff attempts to invoke the jurisdiction of this Court by asserting a claim for violations of 18 U.S.C. § 1623, which addresses false declarations before a jury or grand jury. However, this federal criminal statute does not provide a private right of action. See Campbell v. Bank of New York Mellon Trust Co., No. 11 Civ. 1588, 2012 WL 2952852, at *13 (S.D.N.Y. May 8, 2012), report and recommendation adopted sub nom., Campbell v. Bank of New York Trust Co., No. 11 Civ. 1588, 2012 WL 2953967 (S.D.N.Y. July 18, 2012). Only the United States Attorney can bring proceedings under that statute. Accordingly, plaintiff has not established federal question jurisdiction.

Nor has he made sufficient allegation to establish diversity jurisdiction. Although plaintiff alleges that he and defendant are citizens of different states, he has not alleged that the amount in controversy has been satisfied. Failure to do so results in a lack of subject matter jurisdiction. See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). Plaintiff has failed to plead any factual allegations to show that this Court has diversity jurisdiction over his claim.

**II. Failure to State a Claim**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "fails to state a claim on which relief may be granted

… ." ).  Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Notwithstanding the obligation to review plaintiff's complaint in its most favorable light, I can discern no plausible cause of action. Plaintiff simply alleges that defendant gave false testimony during an arbitration. There are various means of exposing or challenging false testimony in an arbitration, either before the arbitrator, or in proceedings to challenge or set aside the arbitration award, but I am not aware of any state law claim that creates a free-standing right to recover damages for false testimony during an arbitration. To the extent that plaintiff would seek to challenge the arbitration award, he has already attempted without success to do that in the

Article 75 proceeding, and this Court cannot provide him with a second opportunity for the same relief. Accordingly, the complaint must be dismissed for failure to state a claim as well.

## CONCLUSION

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction and failure to state a claim. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). In light of plaintiff's *pro se* status, he is granted twenty (20) days to file an amended complaint that cures these deficiencies. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as assigned this Order. No summons shall issue at this time and all further proceedings shall be stayed for twenty (20) days or until further order of the Court. If plaintiff fails to file an amended complaint within twenty (20) days of the date of that this order is entered on the docket, the Court shall enter judgment accordingly. If submitted, the amended complaint will be reviewed for compliance with this order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

**SO ORDERED.**

/s/BMC
U.S.D.J.

Dated: Brooklyn, New York
September 29, 2015