C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JACOB FETMAN,

                                **MEMORANDUM**
                              **DECISION & ORDER**

           Plaintiff,

                             15 Civ. 5543 (BMC)

    -against-

VICTOR LIPNITSKY; STOUT RISIUS
ROSS, INC. and JOHN DOE 1-15,

           Defendants.
----------------------------------------------------------x

**COGAN**, United States District Judge.

      By memorandum decision and order dated September 29, 2015, I granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and dismissed the complaint for lack of subject matter jurisdiction and for failure to state a claim. In light of plaintiff's *pro se* status, he was granted leave to amend his complaint in order to cure the deficiencies noted in the Court's prior order. Plaintiff timely filed an amended complaint asserting a myriad of state and federal claims. However, he is attempting to collaterally attack an arbitration award that he already unsuccessfully challenged in state court. His attempt to repackage this effort as a federal case fails for lack of subject matter jurisdiction and failure to state a claim. The case is therefore dismissed.

## Background

      The following facts are derived from the amended complaint and from the exhibits annexed to the amended complaint, and are taken as true for the purpose of this order. Plaintiff's amended complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

18 U.S.C. §§ 1961 *et seq*., the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and various state law claims, all arising from defendant Victor Lipnitsky's, a forensic accountant, testimony in an examination before trial and arbitration hearings, concerning embezzlement on the part of plaintiff. Following the arbitration hearing, a $20 million dollar judgment was entered against plaintiff. See Aish Hatorah New York, Inc. v. Fetman, 45 Misc.3d 1203, 998 N.Y.S.2d 305 (N.Y. Sup. Ct. 2014), adhered to on reargument, 48 Misc. 3d 1207(A) (N.Y. Sup. Ct. 2015). Plaintiff seeks in excess of ninety million dollars in damages on his seven causes of action.

## Discussion

### I. Lack of Subject Matter Jurisdiction

It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quotation marks omitted). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." Id.; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434, 131 S. Ct. 1197 (2011) ("federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press . . . Objections to subject matter jurisdiction . . . may be raised at any time."). The Second Circuit has "emphasize[d] the need for parties and for district courts to take a hard look at jurisdictional issues early in the litigation." Wynn v. AC Rochester, 273 F.3d 153, 159 (2d Cir. 2001). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity

2

jurisdiction pursuant to 28 U.S.C. § 1332. See Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235 (2006).

A cause of action "arises under" federal law and thus confers subject matter jurisdiction pursuant to 28 U.S.C. § 1331 "when the plaintiff's 'well-pleaded complaint' raises an issue of federal law." New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012) (internal citation omitted). One exception to the "well-pleaded complaint" rule is "when the claim is so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy." Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 133 (2d Cir. 2010) (internal quotation marks and alterations omitted). Here, plaintiff asserts that the Court has federal question jurisdiction over his claims pursuant to RICO and CFAA. However, as will be more fully discussed, *infra*, plaintiff's claims are facially insubstantial and devoid of merit and federal controversy. Thus, the Court may not exercise federal question jurisdiction over these claims.

Nor has plaintiff made sufficient allegations to establish diversity jurisdiction. Plaintiff's amended complaint alleges that the John Doe defendants reside in New York, New Jersey, and Maryland. As plaintiff resides in Brooklyn, New York, complete diversity is lacking. See Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402 (1978) (diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff); Graves v. Home Depot U.S.A., Inc., No. 12 Civ. 3816, 2013 WL 3055348, at *1 (S.D.N.Y. May 24, 2013) (slip opinion).

### A. Rooker-Feldman

Even if diversity or federal question jurisdiction were present here, the Court would not exercise jurisdiction because of the Rooker–Feldman doctrine which precludes plaintiff from

seeking damages for injuries related to his arbitration proceedings. Under the Rooker−Feldman doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S. Ct. 1517 (2005), the Supreme Court emphasized that the doctrine is "narrow" and only applies to federal lawsuits brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284; see generally District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482−86; 103 S. Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415−16, 44 S. Ct. 149 (1923).

Here, although plaintiff frames the allegations against defendant Lipnitsky as a RICO claim, he is indeed seeking to relitigate claims that were decided against him in an arbitration award and confirmed by the state court. Thus, this Court is precluded from adjudicating such claims under the Rooker-Feldman doctrine.

## II. Failure to State a Claim

Moreover, under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "fails to state a claim on which relief may be granted . . . ."). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

     Plaintiff's amended complaint attempts to invoke the Court's jurisdiction by asserting claims under the CFAA and RICO. First, the Court notes that plaintiff offers no factual allegations in support of his CFAA claim. Second, he does not present an arguably colorable RICO claim. In order for plaintiff to state a claim for damages under RICO, he has two distinct pleading burdens. First, plaintiff must allege the violation of "criminal RICO," 18 U.S.C. § 1962. See Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983). In so doing, [a plaintiff] must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. Id. (citing 18 U.S.C. § 1962(a)-(c)) (citations omitted). Once the plaintiff has sufficiently alleged a § 1962 violation, the plaintiff must satisfy the second burden, by alleging that he was "injured in his business or property by reason of a violation of § 1962." Id. (quoting 18 U.S.C. § 1964(c)).

     Here, plaintiff does not allege any specific facts that indicate defendant Lipnitsky engaged in a pattern of racketeering activity. He simply complains of testimony that defendant gave over the course of legal proceedings. He makes wholly conclusory allegations and does not support

these allegations with specific facts establishing any elements of RICO. See Continental Petrol. Corp. v. Corporation Funding Partners, LLC, No. 11 Civ. 7801, 2012 WL 1231775, at *7 (S.D.N.Y. Apr. 12, 2012) ("The Second Circuit has admonished district courts to take care to ensure that the plaintiff is not artificially fragmenting a singular act into multiple acts simply to invoke RICO.").

As noted in my prior order, there are various means of challenging false testimony in an arbitration. Plaintiff does not get a "second bite at the apple" to challenge the arbitration award by bringing a myriad of state and federal allegations against defendant Lipnitsky in this Court. Thus, plaintiff's claims are also dismissed for failure to state a claim upon which relief may be granted.

## Conclusion

Accordingly, plaintiff's amended complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to enter judgment accordingly.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
U.S.D.J.

Dated: Brooklyn, New York
October 23, 2015